IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DON LAMOR CADY, #133280, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No.2:07cv746-MEF |
| ) | [WO] |
| LEON FORNISS, WARDEN, *et al*., ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Don Lamor Cady ("Cady"), a state inmate, on August 20, 2007.[1]  By his petition, Cady challenges matters relating to a decision by the Alabama Board of Pardons and Paroles ("Board") to rescind an earlier order by which the Board had granted him parole. Following the recision of its earlier order, the Board voted to deny Cady parole.

Pursuant to the orders of this court, Respondents filed an answer (Doc. No. 15) in which they argue that (1) Cady had no protected liberty interest in a grant of parole because he was never actually released from incarceration and (2) Cady's petition is, in any event,

---

[1] In 1983, Cady was convicted of first-degree rape in the Circuit Court of Coffee County, Alabama, and was sentenced to life imprisonment.  Although his present petition was date-stamped "received" in this court on August 22, 2007, the petition was signed by Cady on August 20, 2007. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Cady] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Accordingly, the court deems August 20, 2007, as the date of filing.

barred by the one-year limitation period applicable to habeas petitions. *See* 28 U.S.C. § 2244(d)(1).[2] With regard to the limitation period, Respondents specifically contend that because the Board's challenged action occurred in July 2003, Cady must have filed his § 2241 petition within one year after that decision, exclusive of the time that any properly filed state post-conviction petition or other collateral review was pending in the state courts. Respondents acknowledge that Cady filed various actions for collateral review of the Board's decision in the Alabama state courts. However, they maintain that, even allowing a tolling of the limitation period during the pendency of these state proceedings, the limitation period expired prior to Cady's filing of the instant federal habeas petition. (Doc. No. 15 at pp. 4-6.) *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-35 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Cady's § 2241 petition is barred from review by this court as it was filed outside the applicable period of limitation.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year period of limitation on petitions for habeas corpus relief. This limitation period is codified at 28 U.S.C. § 2244(d) and provides:

(1) A 1-year period of limitation shall apply to an application for a writ of

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

>habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
>(2) *The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

(Emphasis added.)

For purposes of the period of limitation, this court finds the factual predicate of Cady's instant claim to have arisen from the Board's decision to deny Cady's parole following its initial vote to grant him parole.³ That denial, which took place on July 21, 2003, is the pertinent judgment triggering the period of limitation in Cady's case. *See* 28

---

³The Board, on July 8, 2002, initially voted to grant Cady parole. (Doc. No. 15, Exhibit A.) Cady had not been released from prison before the Board voted to rescind its initial decision. (Doc. No. 15, Exhibit B; see also Doc. No. 15 at p. 7.)

U.S.C. § 2244(d)(1)(D).  Thus, the one-year limitation period under § 2244(d)(1) began to run on July 21, 2003.  Cady filed his petition for a writ of habeas corpus in this court on August 20, 2007.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Although Cady, following the denial of his parole, filed various applications seeking review in the Alabama state courts of actions of the Board, those state court proceedings had no impact on the running of the federal limitation period in his case.  The first of those state court proceedings involved a motion for a declaratory judgment filed by Cady in the Circuit Court of Montgomery County, Alabama, on January 29, 2004, and dismissed by the circuit court on February 16, 2005.  (Doc. No. 15, Exhibit C.)  By his declaratory judgment action, Cady sought to force the Board to produce certain records to him; however, he did not, by this action, seek review of the Board's July 21, 2003, decision to deny him parole.  Thus, the proceeding did not toll the federal period of limitation.

While Cady subsequently filed two petitions for writ of certiorari in the Montgomery Circuit Court and pursued the denial of the second of these petitions in an appeal to the Alabama Court of Criminal Appeals, neither of these state court proceedings affected the running of the federal limitation period in his case, as both were initiated *after* expiration of

4

the limitation period.[4]  (Doc. No. 15, Exhibits D & E.)  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  The limitation period for Cady to file a timely federal habeas petition expired on July 21, 2004 – i.e., one year after the Board's July 21, 2003, decision denying his parole.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired well before Cady' filing of the instant § 2241 petition.  In light of the foregoing, it is

ORDERED that **on or before November 14, 2007,** Cady shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1) and for the other reasons argued by Respondents.

---

[4]On March, 17, 2005, Cady filed a petition for writ of certiorari in the Montgomery Circuit Court challenging the Board's decision denying him parole. (Doc. No. 15, Exhibit D.)  The circuit court dismissed the petition on September 7, 2005, and there was no appeal.  On July 14, 2006, Cady filed another petition for writ of certiorari in the Montgomery Circuit Court, again challenging the Board's denial of his parole.  (Doc. No. 15, Exhibit E.)  After the circuit court dismissed that petition, Cady appealed to the Alabama Court of Criminal Appeal, which affirmed the circuit court's decision on June 22, 2007.

Done this 24th day of October, 2007.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE