IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DON LAMOR CADY, # 133280, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv746-MEF |
| ) | (WO) |
| LEON FORNISS, WARDEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Don Lamor Cady ("Cady"), a state inmate, on August 20, 2007.[1] In the instant petition, Cady challenges matters relating to a decision by the Alabama Board of Pardons and Paroles ("Board") to rescind an earlier order by which the Board had granted him parole. Following the recision of its earlier order, the Board voted to deny Cady parole.[2]

Pursuant to the orders of this court, Respondents filed an answer (doc. # 15) in which they argue that (1) Cady had no protected liberty interest in a grant of parole because he was

---

[1] In 1983, Cady was convicted of first-degree rape in the Circuit Court of Coffee County, Alabama, and was sentenced to life imprisonment. Although his present petition was date-stamped "received" in this court on August 22, 2007, the petition was signed by Cady on August 20, 2007. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Cady] signed it. . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Accordingly, the court deems August 20, 2007, as the date of filing.

[2] On July 8, 2002, the Alabama Board of Pardons and Parole ordered Cady paroled, conditioned upon acceptance of an appropriate home and job plan. After four plans were deemed unsuitable, the Board voted to rescind its July 2002 parole order and deny Cady parole. Cady is not eligible for consideration for parole until July 2008.

never actually released from incarceration and (2) Cady's petition is, in any event, barred by the one-year limitation period applicable to habeas petitions. *See* 28 U.S.C. § 2244(d)(1).[3] With regard to the limitation period, Respondents specifically contend that because the Board's challenged action occurred in July 2003, Cady must have filed his § 2241 petition within one year after that decision, exclusive of the time that any properly filed state post-conviction petition or other collateral review was pending in the state courts. Respondents acknowledge that Cady filed various actions for collateral review of the Board's decision in the Alabama state courts. However, they maintain that, even allowing a tolling of the limitation period during the pendency of these state proceedings, the limitation period expired prior to Cady's filing of the instant federal habeas petition. (Doc. # 15 at 4-6). *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, the court concludes that no evidentiary hearing is required and that Cady's § 2241 petition is due to be denied because it was filed outside the applicable period of limitation.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year period of limitation on petitions for habeas corpus relief. This limitation period is codified at 28 U.S.C. § 2244(d) and provides:

---

[3] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

2

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

(2) *The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

(Emphasis added).

For purposes of the period of limitation, this court finds the factual predicate of Cady's instant claim to have arisen from the Board's decision to deny Cady's parole following its initial vote to grant him parole.[4] That denial, which took place on July 21, 2003, is the pertinent judgment triggering the period of limitation in Cady's case. *See* 28

---

[4] The Board, on July 8, 2002, initially voted to grant Cady parole. (Doc. # 15, Ex. A.). Cady had not been released from prison before the Board voted to rescind its initial decision. (Doc. # 15, Ex. B; *see also* Doc. # 15 at 7).

U.S.C. § 2244(d)(1)(D). Thus, the one-year limitation period under § 2244(d)(1) began to run on July 21, 2003. Cady filed his petition for a writ of habeas corpus in this court on August 20, 2007.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Cady, following the denial of his parole, filed various applications seeking review in the Alabama state courts of actions of the Board, those state court proceedings had no impact on the running of the federal limitation period in his case. The first of those state court proceedings involved a motion for a declaratory judgment filed by Cady in the Circuit Court of Montgomery County, Alabama, on January 29, 2004, and dismissed by the circuit court on February 16, 2005. (Doc. # 15, Ex. C). By his declaratory judgment action, Cady sought to force the Board to produce certain records to him; however, he did not, in this action, seek review of the Board's July 21, 2003, decision to deny him parole. Thus, the proceeding did not toll the federal period of limitation. Consequently, the time allowed Cady for the filing of his § 2241 petition expired on July 21, 2004.

While Cady subsequently filed two petitions for writ of certiorari in the Montgomery Circuit Court and pursued the denial of the second of these petitions in an appeal to the Alabama Court of Criminal Appeals, neither of these state court proceedings affected the running of the federal limitation period in his case, as both were initiated *after* expiration of

the limitation period.[5]  (Doc. # 15, Exs. D & E).  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  Under the circumstances of this case, as outlined herein, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired well before Cady's filing of the instant § 2241 petition.

On October 24, 2007, the court ordered Cady to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period.  In response to the court's order, Cady admits that his petition is untimely but argues that the limitation period should be "equitably tolled" because he "was diligent in litigating this action, but was delayed by extraordinary circumstances." (Pet's Res., doc. # 19, at 2).  The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298

---

[5]  On March, 17, 2005, Cady filed a petition for writ of certiorari in the Montgomery Circuit Court challenging the Board's decision denying him parole.  (Doc. # 15, Ex. D).  The circuit court dismissed the petition on September 7, 2005, and there was no appeal.  On July 14, 2006, Cady filed another petition for writ of certiorari in the Montgomery Circuit Court, again challenging the Board's denial of his parole.  (Doc. # 15, Ex. E).  The circuit court dismissed this petition on November 2, 2006, and the petitioner appealed that dismissal to the Alabama Court of Criminal Appeals on November 28, 2006.  The Alabama Court of Criminal Appeals affirmed the circuit court's decision on June 22, 2007, and the Alabama Supreme Court denied certiorari on August 20, 2007.

(11th Cir. 2000). Cady argues that illnesses on February 15, 2005, and August 15, 2005, prevented him from litigating his claim, and thus, constitute extraordinary circumstances warranting equitable tolling.[6]  (Pet's Res., doc. # 19, at 3). Even if the court were to assume that an illness constitutes extraordinary circumstances,[7] Cady fails to acknowledge or take into consideration that the limitation period expired prior to him suffering either illness. Illnesses that occurred after Cady's limitation period had expired cannot equitably toll the limitation period because there remains no limitation period to be tolled. Thus, the petitioner has failed to demonstrate that extraordinary circumstances exist to allow tolling of the statute of limitation. Consequently, because the court concludes that the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Cady filing his federal habeas petition, his petition is time-barred, and this court may not address the merits. The court further concludes that the petitioner has failed to show sufficient cause to excuse his failure to file within the statutory period.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the

---

[6] According to Cady, he was ill from February 15, 2005 until March 17, 2005. Thereafter, on August 15, 2005, he was "diagnosed with a cyst on his brain which prevented [him] from litigating the action." (Pet.'s Res., doc. # 19, at 3). Cady asserts that "[a]fter extensive treatment, on July 14, 2006," he was able to file a third petition for declaratory judgment in the circuit court. (*Id.*).

[7] The mere fact of an illness is generally insufficient to warrant tolling, and unless a petitioner offers evidence of incapacity so great as to prevent him filing, illness is not an extraordinary circumstance. *Cf Lawrence v. Fla.*, 421 F.2d 1221 (11th Cir. 2005).

Magistrate Judge that the costs of this proceeding be taxed against the petitioner.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 26, 2008.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of February, 2008.

                                                  /s/Charles S. Coody
                                                  CHARLES S. COODY
                                                  CHIEF UNITED STATES MAGISTRATE JUDGE